## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3806 | **DATE** | 1/6/2004 |
| **CASE TITLE** | USA vs. SHERMAN MOORE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Moore's section 2255 motion is denied and this case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | JAN 06 200_ date docketed |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | '04 JAN -6 PM 1:13 | |
| TBK courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 3806 (95 CR 509) |
| ) | Paul E. Plunkett, Senior Judge |
| SHERMAN MOORE, ) | |
| ) | |
| Defendant. ) | |

DOCKETED

JAN - 6 2004

## MEMORANDUM OPINION AND ORDER

In 1996, Sherman Moore, along with a number of other members of the Gangster Disciples ("GD") street gang, was convicted of a variety of drug trafficking offenses. Moore has now filed a motion pursuant to 28 U.S.C. § ("section") 2255 to vacate his conviction and sentence. For the reasons set forth below, the motion is denied.

## Discussion

Moore contends that his trial counsel was constitutionally ineffective for failing to: (1) move to suppress the Vienna tapes; (2) object to Counts 3, 4 and 40 of the indictment; (3) object to the use of aiding and abetting violations as predicates for the Continuing Criminal Enterprise ("CCE") charge in Count 2; and (4) argue that Moore's sentences for Counts 3-6 are in excess of that allowed

1

by law.[1] To prevail on each ineffective assistance claim, Moore must show that his counsel's performance fell below an objective standard of reasonableness and, but for counsel's errors, the result of the proceeding would likely have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

**Failure to Object to the Vienna Tapes**

Among the evidence the government introduced at trial were tapes of conversations Larry Hoover, the head of the GDs, had with people who visited him at the Vienna Correctional Center. According to the wiretap statute, such tapes can be used in court only if they are sealed "[i]mmediately" after the surveillance warrant expires or the government has a "satisfactory explanation" for failing to do so. 18 U.S.C. § 2518(8)(a). The Vienna tapes were not sealed until thirty-two days after the surveillance warrant expired. (Gov't Resp. at 6.) Given that time lapse, Moore says his counsel should have moved to suppress the tapes before trial.

Even assuming, *arguendo*, that defense counsel should have filed a suppression motion, Moore could only prevail on this claim if he could show that he was prejudiced by that error. He was not. As the government explained to the Seventh Circuit in a related case, the delay in sealing was due to a combination of factors: (1) the termination of the surveillance on December 19, two weeks before the warrant expired, due to Hoover's discovery of the listening device; (2) the government's desire to continue the surveillance with a different device; and (3) the government's sincere, though

---

[1] Moore did not raise any of these claims on appeal, see generally United States v. Smith, 223 F.3d 554 (7th Cir. 2001), presumably because his trial counsel also served as his appellate counsel. (See Mot. ¶ 15(a)-(e).) In any event, the government does not argue that these ineffective assistance claims are defaulted. Thus, to the extent procedural default is a viable defense to any of these claims, the Court deems the government to have waived it.

2

erroneous, belief that the new device would be available before or very shortly after the warrant expired. United States v. Jackson, 207 F.3d 910, 915-18 (7th Cir. 2000). The Jackson court found the explanation satisfactory, saying:

> If on January 2 the government reasonably expected the new bug to be completed and in working condition within a few days, this would be a reasonable basis for delaying the seeking of an extension for a few days. At some point it became clear that "a few days" were going to stretch on indefinitely; and then the government, having no immediate use for an extension (which depended on the new apparatus), did seek to have the recordings placed under judicial seal. . . . There is no suggestion that the government postponed the sealing of the tapes in order to tamper with them, and in the absence of any such suggestion we have no reason to doubt that the delay did result from a mistake about when the new bugging device would be available.

Id. at 918.

Though it is a bit bizarre to hypothesize a ruling on a motion that was never made, it is an exercise we have to undertake to decide this issue. Had defense counsel moved to suppress the Vienna tapes, it is safe to assume that the government would have proffered to this Court the same explanation it gave to the district and appellate courts in Jackson. Moreover, though we were never actually faced with the decision, the Court is confident that, like the Jackson courts, we would have deemed the government's explanation satisfactory. Thus, a motion to suppress the Vienna tapes would not have been successful, even if Moore's lawyer had made it.

**Failure to Object to Counts 3, 4 and 40 of the Indictment**

Moore next contends that his lawyer was ineffective for failing to object to Counts 3, 4 and 40 of the superseding indictment because they fail to allege essential elements of the crimes charged. "It is a fundamental rule of law that an indictment is not sufficient and will not sustain a conviction unless it charges all essential elements of the crime." Banks v. United States, 239 F.2d 409, 410 (7th

3

Cir. 1957). Though the essential elements must be charged, the indictment need not mimic the statutory language or use any particular words or phrases. United States v. Weatherspoon, 581 F.2d 595, 600 (7th Cir. 1978). Rather, the essential elements "may be alleged in any form [that] substantially states [them]." Id. (internal quotation marks and citation omitted).

Moore's claim on Count 40 is easily dispatched. Because he was not convicted on Count 40, Moore was not prejudiced by his lawyer's failure to object to it, even if that count was flawed. (See 3/6/96 Min. Order (stating jury found Moore guilty of Counts 1-7 only).)

Moore is no more successful on his claim with respect to Counts 3 and 4. Those counts charged him with violating 21 U.S.C. § 861, which provides:

> (a) Unlawful acts
> It shall be unlawful for any person at least eighteen years of age to knowingly and intentionally -
> (1) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to violate any provision of this subchapter or subchapter II of this chapter;
> (2) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to assist in avoiding detection or apprehension for any offense of this subchapter or subchapter II of this chapter by any Federal, State or local law enforcement official.

21 U.S.C. § 861(a)(1), (a)(2). Criminal intent is an essential element of these crimes. United States v. Smith, 223 F.3d 554, 571 (7th Cir. 2000).

As Moore points out, however, neither Count 3 nor Count 4 explicitly states that he did anything "knowingly and intentionally." Rather, Count 3 charges that Moore "employed, hired, used, induced and enticed a person under eighteen years of age to violate Title 21, United States Code, Section 846, as charged in Count One of this Indictment" and Count 4 charges that he "employed, hired, used, induced and enticed a person under eighteen years of age to assist in

4

avoiding detection and apprehension for a violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment." (Superseding Indictment at 11-12.)

That defect is not fatal, the government says, because Count 1, which is incorporated by reference into Counts 3 and 4, charges that Moore and others conspired "knowingly and intentionally to possess with intent to distribute and to distribute [various illegal drugs]." (Id. at 1-2.) Moreover, Count 1 states that the conspirators used other individuals to distribute drugs and help them avoid detection and apprehension by the police. Thus, the government says, the requisite intent element is implicit in Counts 3 and 4, though it is not explicitly stated.

The Court agrees. A violation of 21 U.S.C. § 846, the crime charged in Count 1, requires proof that Moore conspired with others "knowingly or intentionally" to possess with the intent to distribute or to distribute illegal drugs. 21 U.S.C. §§ 841(a), 846. Violations of 21 U.S.C. § 861(a)(1) and (a)(2), the crimes charged in Counts 3 and 4, require proof that Moore "knowingly and intentionally" used minors to distribute drugs and to assist in avoiding apprehension for doing so. To violate the latter provisions, the defendant need not know that the person he used to sell drugs or avoid arrest was a minor. Rather, "the government need only prove that the defendant knowingly employed a person in the commission of a drug offense and that the person was under eighteen when employed." United States v. Frazier, 213 F.3d 409, 419 (7th Cir. 2000). Thus, by incorporating Count 1, which charges that Moore conspired knowingly to distribute drugs by using a network of gang members as dealers and shields, into Counts 3 and 4, the government sufficiently charged him with knowingly using another person to distribute drugs and avoid arrest in violation of 21 U.S.C. § 861(a)(1) and (a)(2). Because Counts 3 and 4 of the indictment against Moore are sufficient, his lawyer was not ineffective for failing to argue that they are not.

**Failure to Object to the Use of Aiding and Abetting as a Predicate for the CCE Count**

Count 2 of the superseding indictment charged Moore with engaging in a CCE. Moore was involved in a CCE if he violated a felony drug law, that violation was part of a series of such violations that he committed with at least five other people whom he organized or managed, and the enterprise garnered him substantial income or resources. 21 U.S.C. § 848(c). Count 2 charges that Moore and others committed a continuing series of felony violations of 21 U.S.C. § 841, including knowingly and intentionally possessing with the intent to distribute and distributing cocaine and crack as alleged in Counts 5-8 and 10-16 of the indictment. (Superseding Indictment at 8-9.) Each of those enumerated counts charge Moore with violations of 21 U.S.C. § 841 (the drug statute) and 18 U.S.C. § 2 (the aiding and abetting statute). Because aiding and abetting is mentioned in each of those counts, Moore says the jury was impermissibly invited to use aiding and abetting as a predicate for the CCE conviction.

Unfortunately for Moore, the Seventh Circuit has rejected the argument that aiding and abetting violations are impermissible CCE predicates. See generally United States v. Pino-Perez, 870 F.2d 1230 (7th Cir. 1989) (holding that aiding and abetting offenses are valid CCE predicates); United States v. Hoover, 246 F.3d 1054, 1057 (7th Cir. 2001) (citing Pino-Perez and stating "we conclude that the CCE convictions are valid whether or not Hoover and the other leaders personally committed the predicate offenses on which the CCE convictions depend"). Because aiding and abetting may be used as a CCE predicate in this circuit, Moore's lawyer had no reason to argue otherwise.

**Failure to Argue that Moore's Sentences for Counts 3-6 Are in Excess of That Allowed by Law**

Moore was sentenced to life imprisonment on Count 3 (use of a minor to violate federal drug laws), Count 4 (use of a minor to avoid detection for violating federal drug laws) and Counts 5 and 6 (distribution of more than 120 grams of crack). (See 4/15/98 Sentencing Order.) Those sentences are within the range set by each statute. See 21 U.S.C. § 841(b)(1)(A)(iii) (sentence range for distributing in excess of fifty grams of crack is prison term of not "less than 10 years or more than life"); 21 U.S.C. § 861(b) (sentence for use of minor convictions is "twice the maximum punishment otherwise authorized").

Though the statutes authorize his sentences, Moore argues that they are nonetheless illegal under the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, which was decided two months before Moore's sentence was affirmed on appeal, the Court held that "any fact [other than prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Following Apprendi, our court of appeals has said that "when drug quantity is not charged in the indictment or submitted to the jury, the statutory maximum under § 841(b) must be determined without reference to drug quantity." United States v. Westmoreland, 240 F.3d 618, 632 (7th Cir. 2001). Moore says that the jury was not instructed to find that he was responsible for having distributed a certain amount of drugs. Thus, he says, he could not constitutionally be given a sentence in excess of twenty years, the default maximum sentence for distributing crack cocaine, see 21 U.S.C. § 841(b)(1)(C), a point his lawyer should have argued on appeal.

Given the record in this case, counsel's decision not to raise Apprendi with respect to Counts 3-6 was not wholly unreasonable. Counts 3 and 4 of the superseding indictment charge Moore with

7

having used minors to violate federal drug laws and to avoid detection for those violations "as charged in Count One of [the] Indictment." Count One charges Moore with having conspired with his co-defendants and others to distribute cocaine and crack. Counts 5 and 6 of the superseding indictment charge Moore with distributing "approximately 120.2 grams" and "approximately 121.4 grams" of crack cocaine, respectively. On Counts 5 and 6, the jury was instructed that Moore was guilty only if he, among other things, "possessed with the intent to distribute or distributed the cocaine or crack cocaine *referred to in that count.*" (Trial Tr. at 3405) (emphasis added). In other words, they were instructed that they could find Moore guilty on Counts 5 and 6 only if he had distributed 120.2 grams of crack, as charged in Count 5, and 121.4 grams of crack, as charged in Count 6. Further, Count one, on which the sentences for Counts 3 and 4 are based, charges Moore with conspiring to distribute the same drugs. Because Moore was explicitly indicted for distributing in excess of 50 grams of crack cocaine and implicitly found guilty of doing so and using minors in the process, it was not wholly unreasonable for his lawyer to forego making an Apprendi argument with respect to Counts 3-6.

Moreover, even if defense counsel should have made the argument, his failure to do so did not prejudice Moore. Counts 3-6 were not the only counts for which Moore received life sentences. He was also given a life sentence on Count 2, the CCE charge, to run concurrently with the life sentences on Counts 3-6. (See 4/15/98 Sentencing Order.) Defense counsel did make an Apprendi argument on Count 2, but it was rejected by the Seventh Circuit. See Smith, 233 F.3d at 562-66. Thus, even if defense counsel had secured Moore a sentence reduction for Counts 3-6 based on Apprendi, he would still be serving a life term on Count 2. Because Moore's prison time would not

have been reduced even if his lawyer had made a successful <u>Apprendi</u> argument on Counts 3-6, Moore was not prejudiced by his failure to do so.

## **Conclusion**

For the reasons stated above, Moore's section 2255 motion is denied and this case is dismissed.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: January 6, 2004